IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
PERCY ALLEN WILLIAMS, JR.,         )
                                    )
                Plaintiff,          )
                                    )
          v.                        )        1:10CV615
                                    )
LEWIS O. SMITH, et al.,             )
                                    )
                Defendants.         )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court for review of Plaintiff's Amended Complaint (Docket Entry 16), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and (b),[1] as well as for disposition of Plaintiff's Motion for Appointment of Counsel (Docket Entry 19) and Motion to Appoint an Expert Witness for Indigent Party (Docket Entry 22). For the reasons that follow, said Motions will be denied and it will be recommended that the Court dismiss certain portions of the Amended Complaint, including all claims against Defendants Finesse G. Couch and Reginald Midgette, Sr.

---

[1] Section 1915(e)(2) authorizes dismissal sua sponte for frivolity and/or failure to state a claim where a plaintiff proceeds as a pauper. Section 1915A(a) and (b) similarly authorizes a court to dismiss sua sponte for frivolity and/or failure to state a claim where, as here, a prisoner sues a government official. "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

BACKGROUND

This case began when Plaintiff, a prisoner of the State of North Carolina, filed a form Complaint under 42 U.S.C. § 1983, regarding matters related to his alleged medically-based need for a lower bunk assignment. (See Docket Entry 2.) In addition to Couch and Midgette, the Complaint named Lewis O. Smith, Dr. Sami Hassan, and Robert C. Lewis as Defendants. (Id. at 1-3.) In connection with his Complaint, Plaintiff filed a Declaration and Request to Proceed In Forma Pauperis. (See Docket Entry 1). Pursuant to 28 U.S.C. § 1915(e)(2), the Court (per the undersigned United States Magistrate Judge) reviewed said Complaint and, in a Screening Order, held that:

1) Plaintiff could not proceed as a pauper as to any claims in the Complaint against Defendants brought directly under the Americans with Disabilities Act of 1991 (the "ADA"), 42 U.S.C. §§ 12101, et seq., and/or the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq. (Docket Entry 3 at 3-4);[2]

2) Plaintiff could proceed as a pauper as to the claims in the Complaint against Defendants Smith, Hassan, and Lewis under Section

---

[2] Instead, the Court advised Plaintiff (as it had in connection with a prior case) that he could proceed with such claims only against the entity that employed Defendants. (See Docket Entry 3 at 3-4.) The Court also observed that the Complaint failed to make clear whether Plaintiff intended to pursue a claim under Section 1983 predicated on violations of the ADA and the Rehabilitation Act and that the law did not clearly permit such action. (See id. at 4-5 n.4.) Accordingly, the Court treated the Complaint "as not raising this theory." (Id. at 5 n.4.) The Court similarly declined to construe the Complaint as asserting any claim for negligence under state law or the Federal Tort Claims Act based on the lack of anything but a conclusory reference to such matters. (See id. at 2.)

-2-

1983 for violations of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, but <u>not</u> the Due Process Clause of the Fourteenth Amendment (<u>id.</u> at 5-6, 8-9); and

3) Plaintiff could <u>not</u> proceed as a pauper as to any claims in the Complaint against Defendants Couch and Midgette (<u>id.</u> at 6-9).

Because the Complaint contained some claims as to which Plaintiff could proceed as a pauper, but others as to which he could not, the Court "allow[ed] Plaintiff, as the master of the Complaint, to make [an] election" between dismissal of the Complaint without prejudice or proceeding only as to the claims the Court had identified as potentially viable. (<u>Id.</u> at 9-10.) The Court therefore stayed the case for 20 days "to allow Plaintiff to make that decision and . . . [warned that if he did] not file any response within the [time] allowed, the case will continue as to the proper claims only." (<u>Id.</u> at 10.)

In the Screening Order, the Court also directed Plaintiff to make a partial payment of the filing fee and to execute a form authorizing collection of the balance of the filing fee from his prison account. (<u>Id.</u> at 11.) The Clerk mailed the Screening Order to Plaintiff, who submitted the executed consent form and partial payment (<u>see</u> Docket Entry 4; Docket Entry dated Nov. 5, 2010); however, within the allotted time (and thereafter) Plaintiff failed to inform the Court whether he preferred for the Court to enter a

dismissal without prejudice or to allow him to proceed as a pauper only as to the claims identified by the Court as potentially viable. (See Docket Entries dated August 13, 2010, to present.)

Following receipt of the executed consent form and the required partial payment, the Court ordered Plaintiff to complete form summonses for service and he did so, for all five Defendants, whereupon the Clerk issued the summonses, the United States Marshal attempted service by mail, and such attempts succeeded except as to Defendant Midgette. (See Docket Entries 5, 6, 11-15.) Before Defendants Smith, Hassan, Couch, and Lewis answered the Complaint, Plaintiff filed an Amended Complaint, materially indistinguishable from his original Complaint. (Compare Docket Entry 2, with Docket Entry 16.) Defendants Smith, Couch, and Lewis thereafter filed an Answer styled as responsive to both the Complaint and Amended Complaint (Docket Entry 17) and Defendant Hassan filed an Answer styled as responsive to the Amended Complaint (Docket Entry 18). Plaintiff then filed his instant Motion for the Appointment of Counsel (Docket Entry 19) and Motion to Appoint an Expert Witness for Indigent Party (Docket Entry 22).

## DISCUSSION

In light of the above-referenced Screening Order and Plaintiff's failure to object to the narrowing of his Complaint as a condition of proceeding as a pauper, the Court should not have permitted the service of summonses upon Defendants Couch and Midgette. Nor can Plaintiff proceed as a pauper on claims deemed

unviable in the Screening Order simply because he filed an Amended Complaint repeating the same deficient allegations that appeared in his original Complaint.  Accordingly, for the reasons stated in the Screening Order, the Court should exercise its authority under Section 1915(e)(2) and Section 1915A(a) and (b) to dismiss:

    1) any and all claims against Defendants Couch and Midgette; and

    2) any and all claims against Defendants Smith, Hassan, and Lewis, except the claims under Section 1983 for violations of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Equal Protection Clause.[3]

As to the two surviving Section 1983 claims against Defendants Smith, Hassan, and Lewis, the Court will exercise its discretion to enter a Scheduling Order without holding an Initial Pretrial Conference.  See M.D.N.C. R. 16.1(a) ("[C]ases brought by pro se plaintiffs shall be governed by a scheduling order entered by the [C]ourt after an initial pretrial conference, unless the Court determines, in its discretion, that no conference is necessary."

---

[3] Because Plaintiff has failed to name the entity that employed Defendants Smith, Hassan, and Lewis as a defendant in the Amended Complaint despite multiple prior explanations from the Court that he cannot pursue claims directly under the ADA and/or the Rehabilitation Act against individual defendants, the Court should dismiss any claims by Plaintiff brought directly under said statutes.  Similarly, because Plaintiff's Amended Complaint fails to make clear whether Plaintiff intended to base a Section 1983 claim against Defendants Smith, Hassan, and Lewis on alleged violations of the ADA and/or the Rehabilitation Act, notwithstanding the Court's previous explanation that it would decline to treat the Complaint as stating such a theory of recovery under Section 1983 absent clarification, the Court should refrain from construing the Amended Complaint as stating a claim under Section 1983 predicated on alleged violations of the ADA and/or the Rehabilitation Act.

(internal parentheses and italics omitted)). Specifically, the case should proceed on the Standard case-management track, see M.D.N.C. R. 26.1(a)(1), modified only to allow six months rather than four months for discovery to account for delays that may occur due to Plaintiff's custodial status.

The Court also will exercise its discretion to deny Plaintiff's Motion for Appointment of Counsel (Docket Entry 19). "[A] plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, the provision of counsel via court-intervention remains, "as [does] the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).

In delineating the scope of the Court's discretion in this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989).[4] More pointedly, "[i]f it is apparent to the

---

[4] In Mallard, the United States Supreme Court ruled that a court could not make "compulsory assignments of attorneys in civil cases" pursuant to the
(continued...)

-6-

district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Neither circumstance is "apparent" in this case.

First, the Court cannot find it "apparent" that Plaintiff lacks the ability to present his claims, given the tenor of his filings to date and the straight-forward nature of his claims. See generally Hall v. Holsmith, 340 Fed. Appx. 944, 946 (4th Cir. 2009) (affirming denial of motion for appointment of counsel by "former inmate . . . [who] filed . . . civil rights action against medical technician . . ., alleging that [she] intentionally denied him medication" because "claims presented in [his] complaint are not complicated and [plaintiff] has demonstrated the capacity to present those claims adequately"). Second, although the Court has permitted Plaintiff to proceed beyond initial screening as to his Section 1983 claims against Defendants Smith, Hassan, and Lewis for violations of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Equal Protection Clause, the

---

⁴(...continued)
provision in 28 U.S.C. § 1915 (then codified at subsection (d), now set out in subsection/paragraph (e)(1)) stating that a "'court may request an attorney to represent' an indigent litigant," Mallard, 490 U.S. at 300-01 (holding that the statute's use of the word "request" means that courts may ask, but may not command, attorneys to represent civil litigants). The Supreme Court also declined to "express an opinion on the question whether the federal courts possess inherent authority to require lawyers to serve." Id. at 310. Because this case fails to present exceptional circumstances warranting judicial intervention to secure counsel for Plaintiff, no need exists to explore further how the Court might provide counsel in an appropriate case.

Court noted that his claims were "weak and/or only meet the barest of pleading standards . . . ." (Docket Entry 3 at 9 n.2.)

"[For] [c]laims that . . . sound in the Eighth Amendment . . . there is a subjective and an objective component to showing a violation of the right. The plaintiff must demonstrate that the [officials] acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Instead, Plaintiff must make "two showings":

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the [official] *should have* recognized it; [he] actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized that his actions were insufficient.

Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations and quotation marks omitted) (emphasis in original). "The subjective component therefore sets a particularly high bar to recovery." Iko, 535 F.3d at 241.

To establish a violation of the Equal Protection Clause, Plaintiff must prove that "he was given a top bunk assignment for the purpose of discriminating against him based on his disability and/or without any rational basis." (Docket Entry 3 at 8 (internal

brackets and quotation marks omitted).) This standard is "exceedingly deferential" to governmental action. Guerra v. Scruggs, 942 F.2d 270, 279 (4th Cir. 1991). Indeed, "[t]he deference afforded to the government under the rational basis test is so deferential that even if the government's actual purpose . . . is not rational, a court can uphold the [governmental action] if the court can envision some rational basis for [it]." Id.

Given the particularly difficult burden Plaintiff must carry as to his Section 1983 claims for violations of the Eighth and Fourteenth Amendments, the Court cannot find it "apparent [that he] . . . has a colorable claim," Gordon, 574 F.2d at 1153. Accordingly, the Court will exercise its discretion to decline Plaintiff's request for court-assistance in securing counsel. See generally Caruth v. Pinckney, 683 F.2d 1044, 1048 (7th Cir. 1982) ("[A] court need not appoint counsel when it considers the indigent's chances of success to be extremely slim.").[5]

---

[5] Since Plaintiff's institution of this case, he has established himself as a frequent filer of frivolous litigation. See Williams v. Boner, No. 1:11CV838, at *1-2 (M.D.N.C. Oct. 12, 2011) (unpublished) ("In this Court alone, Plaintiff has had two cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. (1:10CV904 and 1:11CV493.) He has also had multiple cases dismissed in other courts for being frivolous. See, e.g., Williams v. Keller, 5:11-ct-3080-D (E.D.N.C. Sept. 27, 2011)(unpublished); Williams v. Keller, 5:10-ct-3196-D (E.D.N.C. Sept. 26, 2011)(unpublished)."). That fact reinforces the Court's view regarding the likely merits of his instant claims and thus the strength of his plea for appointment of counsel: "Every court in the land is familiar with never-say-die litigants, who are frequent filers. For all their perseverance and passion, their successes are exceedingly rare." Betty B Coal Co. v. Director, Off. of Workers' Compensation Programs, 194 F.3d 491, 500 (4th Cir. 1999) (emphasis added).

As a final matter, the Court will exercise its discretion to deny Plaintiff's Motion to Appoint an Expert Witness for Indigent Party (Docket Entry 22), which seeks appointment of "an expert to provide expert testimony concerning [Plaintiff's] medical condition and also to refute testimony, discovery responses, by Defendants [sic] experts" (id. at 1).[6] Another district court in the Fourth Circuit recently considered and denied a similar motion in Anderson v. United States, No. 1:05CV876, 2009 WL 2215087 (S.D.W. Va. July 20, 2009) (unpublished), and Anderson v. United States, No. 1:05CV876, 2009 WL 2044670 (S.D.W. Va. July 8, 2009) (unpublished). The Court finds the reasoning and authorities cited therein persuasive and rejects Plaintiff's request on the same grounds.

CONCLUSION

Plaintiff's claims against Defendants Couch and Midgette, as well as his claims against Defendants Smith, Hassan, and Lewis, except under Section 1983 for violations of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Equal Protection Clause, fail to state a claim and so lack any arguable basis in law as to qualify as frivolous. A Standard-Track Scheduling Order (modified only to provide a six-month discovery period) will suffice as to Plaintiff's surviving Section 1983 claims. Finally, Plaintiff's requests for appointment of counsel and of an expert witness lack merit.

---

[6] For ease of reading, in quoting from Plaintiff's filings, the Court utilizes standard capitalization conventions even though said filings generally feature an all-capitals style.

**IT IS THEREFORE RECOMMENDED** that, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and (b), the Court dismiss (as frivolous and for failure to state a claim) any and all of Plaintiff's claims against Defendants Couch and Midgette, as well as any and all of Plaintiff's claims against Defendants Smith, Hassan, and Lewis, except his claims under Section 1983 for violations of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Equal Protection Clause.

**IT IS ORDERED** that this case shall proceed on the Standard Case-Management Track under this Court's Local Rule 26.1(a)(1), except as to the length of the discovery period. The parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A) and shall file any motions to amend pleadings (including to add parties) by November 27, 2011. All discovery shall end by April 27, 2012.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel (Docket Entry 19) and Motion to Appoint an Expert Witness for Indigent Party (Docket Entry 22) are **DENIED**. To assist Plaintiff in meeting his obligation to prosecute this case, the Clerk shall send Plaintiff a copy of this Court's Local Rules and of Federal Rules of Civil Procedure 5, 6, 7, 10, 11, 15, 26, 30, 31, 33-37, 45, 56, and 72, as well as Forms 1, 2, 50, and 51.

                                    /s/ L. Patrick Auld
                                       **L. Patrick Auld**
                           **United States Magistrate Judge**

October 25, 2011