IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PERCY ALLEN WILLIAMS, JR.,        )
                                  )
            Plaintiff,            )
                                  )
       v.                         )        1:10CV615
                                  )
LEWIS O. SMITH, et al.,           )
                                  )
            Defendants.           )

## MEMORANDUM OPINION, ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Defendant Sami Hassan's Motion to Seal and for Protective Order (Docket Entry 32), Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 36), Plaintiff's second Motion for the Appointment of Counsel (Docket Entry 38), Plaintiff's second Motion for the Appointment of Expert Witness (Docket Entry 41), and Plaintiff's Rule 60(b)(4) Motion for Relief from Judgment (Docket Entry 53). (See Docket Entries dated Jan. 17 and 24, 2012.) An Order will be entered denying Defendant's foregoing motion, as well as the first three of Plaintiff's foregoing motions, and a Recommendation of denial will be entered as to Plaintiff's final foregoing motion.

### BACKGROUND

This case began when Plaintiff, a prisoner of the State of North Carolina, filed a form Complaint under 42 U.S.C. § 1983, seeking damages and injunctive relief related to his alleged

medically-based need for a lower bunk assignment.  (See Docket Entry 2.)  The Complaint named Lewis O. Smith, Dr. Sami Hassan, Finesse G. Couch, Rev. Reginald E. Midgette, and Robert C. Lewis as Defendants.  (Id. at 1-3.)  In connection with his Complaint, Plaintiff filed a Declaration and Request to Proceed In Forma Pauperis.  (See Docket Entry 1).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court (per the undersigned Magistrate Judge) reviewed said Complaint and, in a Screening Order, held that:

1) Plaintiff could not proceed as a pauper as to any claims in the Complaint against Defendants brought directly under the Americans with Disabilities Act of 1991 (the "ADA"), 42 U.S.C. §§ 12101, et seq., and/or the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq. (Docket Entry 3 at 3-4);[1]

2) Plaintiff could proceed as a pauper as to the claims in the Complaint against Defendants Smith, Hassan, and Lewis under Section 1983 for violations of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United

---

[1] Instead, the Court advised Plaintiff (as it had in connection with a prior case) that he could proceed with such claims only against the entity that employed Defendants. (See Docket Entry 3 at 3-4.)  The Court also observed that the Complaint failed to make clear whether Plaintiff intended to pursue a claim under Section 1983 predicated on violations of the ADA and the Rehabilitation Act and that the law did not clearly permit such action. (See id. at 4-5 n.4.) Accordingly, the Court treated the Complaint "as not raising this theory." (Id. at 5 n.4.)  The Court similarly declined to construe the Complaint as asserting any claim for negligence under state law or the Federal Tort Claims Act based on the lack of anything but a conclusory reference to such matters.  (See id. at 2.)

States Constitution, but <u>not</u> the Due Process Clause of the Fourteenth Amendment (<u>id.</u> at 5-6, 8-9); and

3) Plaintiff could <u>not</u> proceed as a pauper as to any claims in the Complaint against Defendants Couch and Midgette (<u>id.</u> at 6-9).

Because the Complaint contained some claims as to which Plaintiff could proceed as a pauper, but others as to which he could not, the Court "allow[ed] Plaintiff, as the master of the Complaint, to make [an] election" between dismissal of the Complaint without prejudice or proceeding only as to the claims the Court had identified as potentially viable. (<u>Id.</u> at 9-10.) The Court therefore stayed the case for 20 days "to allow Plaintiff to make that decision and . . . [warned that if he did] not file any response within the [time] allowed, the case will continue as to the proper claims only." (<u>Id.</u> at 10.)

In the Screening Order, the Court also directed Plaintiff to make a partial payment of the filing fee and to execute a form authorizing collection of the balance of the filing fee from his prison account. (<u>Id.</u> at 11.) The Clerk mailed the Screening Order to Plaintiff, who submitted the executed consent form and partial payment (<u>see</u> Docket Entry 4; Docket Entry dated Nov. 5, 2010); however, within the allotted time (and thereafter) Plaintiff failed to inform the Court whether he preferred for the Court to enter a dismissal without prejudice or to allow him to proceed as a pauper only as to the claims identified by the Court as potentially viable. (<u>See</u> Docket Entries dated August 13, 2010, to present.)

Case 1:10-cv-00615-CCE -LPA   Document 56   Filed 01/27/12   Page 3 of 9

Following receipt of the executed consent form and the required partial payment, the Court ordered Plaintiff to complete form summonses for service and he did so, for all five Defendants, whereupon the Clerk issued the summonses, the United States Marshal attempted service by mail, and such attempts succeeded except as to Defendant Midgette. (See Docket Entries 5, 6, 11-15.) Before Defendants Smith, Hassan, Couch, and Lewis answered the Complaint, Plaintiff filed an Amended Complaint, materially indistinguishable from his original Complaint. (Compare Docket Entry 2, with Docket Entry 16.) Defendants Smith, Couch, and Lewis thereafter filed an Answer styled as responsive to both the Complaint and Amended Complaint (Docket Entry 17) and Defendant Hassan filed an Answer styled as responsive to the Amended Complaint (Docket Entry 18). Plaintiff then filed his first Motion for the Appointment of Counsel (Docket Entry 19) and first Motion to Appoint an Expert Witness for Indigent Party (Docket Entry 22).

In light of the previously-entered Screening Order and Plaintiff's failure to object to the narrowing of his Complaint as a condition of proceeding as a pauper, a Recommendation was entered that the Court dismiss:

1) any and all claims against Defendants Couch and Midgette (Docket Entry 29 at 4-5, 11); and

2) any and all claims against Defendants Smith, Hassan, and Lewis, except the claims under Section 1983 for violations of the

Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Equal Protection Clause (id.).

In addition, because Plaintiff had failed to name the entity that employed Defendants Smith, Hassan, and Lewis as a defendant in the Amended Complaint despite multiple prior explanations from the Court that he cannot pursue claims directly under the ADA and/or the Rehabilitation Act against individual defendants, it was recommended that the Court dismiss any claims by Plaintiff brought directly under said statutes. (Id.) Similarly, because Plaintiff's Amended Complaint failed to make clear whether Plaintiff intended to base a Section 1983 claim against Defendants Smith, Hassan, and Lewis on alleged violations of the ADA and/or the Rehabilitation Act, notwithstanding the Court's previous explanation that it would decline to treat the Complaint as stating such a theory of recovery under Section 1983 absent clarification, it was recommended that the Court construe the Amended Complaint as failing to state a claim under Section 1983 predicated on alleged violations of the ADA and/or the Rehabilitation Act. (Id.) Finally, a Scheduling Order was entered and Plaintiff's first Motion for Appointment of Counsel and first Motion to Appoint an Expert Witness for Indigent Party were denied. (Id. at 5-11.)

Defendant Hassan thereafter filed his instant Motion to Seal and for Protective Order (Docket Entry 32) and Plaintiff filed his various instant motions (Docket Entries 36, 38, 41, 53).

DISCUSSION

Defendant Hassan's instant Motion to Seal and for Protective Order states that, in conjunction with his anticipated summary judgment motion, he needs to submit for the Court's inspection certain of Plaintiff's medical records and that, "[o]ut of an abundance of caution, and to the extent applicable under the Health Insurance and Portability and Accountability Act of 1996, [Defendant] Hassan requests that he be permitted to file under seal [those] medical records." (Docket Entry 32 at 2-3 (internal citations omitted).) Defendant Hassan acted prudently in seeking to avoid unnecessary publication of Plaintiff's medical records; however, Plaintiff subsequently filed a response indicating that he does not wish to keep his medical records out of the public domain. (See Docket Entry 44.) Accordingly, Defendant Hassan's instant Motion to Seal and for Protective Order (Docket Entry 32) will be denied, but without prejudice to re-filing if Defendant Hassan can show that Plaintiff's response (Docket Entry 44) does not suffice to protect Defendant Hassan from risk of privacy-related liability.

In Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 36), Plaintiff again seeks to pursue claims under the ADA and Rehabilitation Act by designating such claims as brought against the individual defendants in their official capacity. (See Docket Entry 36 at 1.) Because such an official capacity claim in reality would constitute a claim against the entity (i.e., the State of North Carolina) that employs the individual defendants,

rather than against the individual defendants, see Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006) (observing that official capacity claim, "in effect, is against the governmental entity employing [the official]"), allowing such an amendment would address the fact that Plaintiff cannot proceed against an individual defendant under the ADA and the Rehabilitation Act; however, such an amendment would create a new problem. Specifically, this suit then effectively would have distinct claims against an entity (i.e., the State of North Carolina) and against the individual defendants.

In other words, Plaintiff would be proceeding against the State of North Carolina under the ADA and the Rehabilitation Act and against Defendants Smith, Hassan, and Lewis under Section 1983 for violations of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Equal Protection Clause.[2] Plaintiff has not shown that, in light of this distinction, "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B). Such misjoinder would render the proposed amendment futile and would prejudice the existing defendants, thus warranting denial of Plaintiff's instant Motion for Leave to File an Amended Complaint

---

[2] Plaintiff has failed to present sufficient allegations to proceed with any official capacity claim under Section 1983. See Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) ("[Because] the claims against the officers in their official capacities are claims against the entities for which the officers were acting . . ., it must be shown that the actions of the officers were unconstitutional and were taken pursuant to a custom or policy of the entity." (emphasis added)).

-7-

(Docket Entry 36). See Fields v. Markel Ins. Co., Civil Action No. 09-6815, 2010 WL 1731164, at *1 (E.D. La. Apr. 28, 2010) (unpublished); Sua v. Espinda, Civ. No. 09-592SOM/LEK, 2010 WL 184314, at *3 (D. Hawaii Jan. 19, 2010) (unpublished); Alvarez v. Armour Pharm., No. 94C3587, 1997 WL 566373, at *2 (N.D. Ill. Sept. 8, 1997) (unpublished).[3]

As to Plaintiff's second Motion for the Appointment of Counsel (Docket Entry 38) and second Motion for the Appointment of Expert Witness (Docket Entry 41), Plaintiff has offered nothing to cause the Court to alter the conclusions underlying the denial of his prior such motions (compare Docket Entry 29 at 5-11, with Docket Entries 39, 42). Said motions thus will be denied.

Finally, in his Rule 60(b)(4) Motion for Relief from Judgment, Plaintiff asserts that the undersigned Magistrate Judge entered judgment against him without his consent as required by 28 U.S.C. § 636(c). (See Docket Entry 53 at 1.) In fact, the undersigned Magistrate Judge did not enter any judgment, but rather only disposed of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and

---

[3] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to this matter. See also Everett v. Prison Health Servs., 412 Fed. Appx. 604, 605 & n.2 (4th Cir. 2011) ("Everett moved for leave to amend her complaint . . . to add Appellee Prison Health Services, Inc. ('PHS') as a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against PHS. After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

made recommendations as to the dismissal of claims under 28 U.S.C. § 636(b)(1)(B). (See Docket Entry 29 at 11.) Accordingly, Plaintiff's instant Rule 60(b)(4) Motion for Relief from Judgment (Docket Entry 53) should be denied.[4]

**IT IS THEREFORE ORDERED** that Defendant Hassan's instant Motion to Seal and for Protective Order (Docket Entry 32) is **DENIED**, but without prejudice to re-filing if Defendant Hassan can show that Plaintiff's response (Docket Entry 44) does not suffice to protect Defendant Hassan from any privacy-related liability concerns.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 36), second Motion for the Appointment of Counsel (Docket Entry 38), and second Motion for the Appointment of Expert Witness (Docket Entry 41) are **DENIED.**

**IT IS RECOMMENDED** that Plaintiff's Rule 60(b)(4) Motion for Relief from Judgment (Docket Entry 53) be **DENIED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 27, 2012

---

[4] Courts have treated such motions as falling within the scope of the "additional duties" clause, 28 U.S.C. § 636(b)(3), such that a magistrate judge may only enter a recommendation. See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 925 F.2d 853, 856 (5th Cir. 1991).